LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
David A. Blansky, Esq.

**Presentment Date: June 17, 2011 at 9:30 a.m.**
**Objections Due: June 10, 2011 at 4:00 p.m.**
**Hearing Date, if objections: July 12, 2011 at 9:30 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
In re:

HERMAN JACOBS, VICTOR JACOBS
and JACOB JACOBS,

Debtors.

Chapter 7
Case No. 03-84455 (ESS)
--------------------------------------------------------------------x
ALLAN B. MENDELSOHN, ESQ., as Trustee of the estate of Herman Jacobs, Victor Jacobs and Jacobs Jacobs,

Plaintiff,

-against-

SHIFRA GOLDSTEIN a/k/a SHIYA GOLDSTEIN, AS TRUSTEE OF THE 240 KEAP STREET REALTY TRUST AND THE 240 KEAP STREET REALTY TRUST and CONGREGATION KHAL CHASIDEI BELZ,

Defendants.

Adv. Pro. No. 05-08954 (ESS)
--------------------------------------------------------------------x

**NOTICE OF PRESENTMENT PURSUANT TO RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE SEEKING THE ENTRY OF AN ORDER APPROVING THE STIPULATION OF SETTLEMENT BY AND BETWEEN THE PLAINTIFF AND CONGREGATION KHAL CHASIDEI BELZ**

**PLEASE TAKE NOTICE,** that on **June 17, 2011 at 9:30 a.m.** Allan B. Mendelsohn, Esq., the Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the bankruptcy estate of Herman Jacobs, Victor Jacobs and Jacobs Jacobs (the "Debtors"), by his counsel, LaMonica Herbst & Maniscalco, LLP, will present the annexed motion the ("Motion") to the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, at the United States Bankruptcy Court, Eastern District of New York, located at 271 Cadman Plaza East, Brooklyn, New York, New York, Room 3585,

seeking the entry of an Order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the stipulation of settlement by and between the Plaintiff and Congregation Khal Chasidei Belz, resolving the instant adversary proceeding, a copy of which is annexed to the Motion, and granting the Plaintiff such other, further and different relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE,** that objections to the relief requested in the Motion, if any, must be in writing, conform with the Bankruptcy Code and Rules, state with particularity the grounds therefor, and be filed with the Court, with a courtesy copy to the Chambers of the Honorable Elizabeth S. Stong, United States Bankruptcy Judge, and served upon, so as to be received by, LaMonica Herbst & Maniscalco, LLP, attorneys for the Plaintiff, Attn: David A. Blansky, Esq., **no later than June 10, 2011 at 4:00 p.m.** as follows: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with Order No. 473), which may be accessed through the internet at the Bankruptcy Court's website at www.nyeb.uscourts.gov; and (ii) in portable document format (PDF) using Adobe Exchange Software for conversion; or (b) if a party is unavailable to file electronically, such party shall submit the objection in PDF format on a diskette in an envelope with the case name, case number, type and title of document, document number to which the objection refers and the file name on the outside of the envelope.

**PLEASE TAKE FURTHER NOTICE**, that if objections are timely filed to the relief requested, a hearing on the Motion will be held on **July 12, 2011 at 9:30 a.m.** If timely objections are not filed, the Court may enter the Order.

Dated: May 24, 2011
Wantagh, New York

**LaMonica Herbst & Maniscalco, LLP**
Attorneys for the Plaintiff

By: *s/ David A. Blansky*
David A. Blansky, Esq.
A Partner of the Firm
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500

LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
David A. Blansky, Esq.

**Presentment Date: June 17, 2011 at 9:30 a.m.**
**Objections Due: June 10, 2011 at 4:00 p.m.**
**Hearing Date, if objections: July 12, 2011 at 9:30 a.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
In re:

HERMAN JACOBS, VICTOR JACOBS
and JACOB JACOBS,

Debtors.

Chapter 7
Case No. 03-84455 (ESS)
---------------------------------------------------------------------x
ALLAN B. MENDELSOHN, ESQ., as Trustee of the estate of Herman Jacobs, Victor Jacobs and Jacobs Jacobs,

Plaintiff,

-against-

SHIFRA GOLDSTEIN a/k/a SHIYA GOLDSTEIN, AS TRUSTEE OF THE 240 KEAP STREET REALTY TRUST AND THE 240 KEAP STREET REALTY TRUST and CONGREGATION KHAL CHASIDEI BELZ,

Defendants.

Adv. Pro. No. 05-08954 (ESS)
---------------------------------------------------------------------x

**PLAINTIFF'S MOTION FOR THE ENTRY OF AN ORDER, PURSUANT TO RULE 9019(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AUTHORIZING AND APPROVING THE STIPULATION OF SETTLEMENT BY AND BETWEEN THE PLAINTIFF AND CONGREGATION KHAL CHASIDEI BELZ**

**To: The Honorable Elizabeth S. Stong**
**United States Bankruptcy Judge**
**United States Bankruptcy Court**
**Eastern District of New York**

Allan B. Mendelsohn, Esq., the Chapter 7 Trustee (the "Trustee" or "Plaintiff") of the estate of Herman Jacobs, Victor Jacobs and Jacobs Jacobs (the "Debtors"), by his counsel, LaMonica Herbst & Maniscalco, LLP, hereby seeks the entry of an Order, pursuant to Rule

9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving the stipulation (the "Stipulation") resolving the Plaintiff's in the instant adversary proceeding the ("Adversary Proceeding"), and respectfully sets forth and represents as follows:

**JURISDICTION AND STATUTORY PREDICATES**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates and authority for the relief sought herein are 11 U.S.C. § 105 and Bankruptcy Rule 9019.

**BACKGROUND**

2. On June 30, 2003 (the "Filing Date"), petitioning creditors Congress Financial Corporation ("Congress"), LaSalle Business Credit Inc. and Citibank, N.A. filed an involuntary petitions for relief against the Debtors under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Eastern District of New York (the "Court").

3. On August 7, 2003, the Court granted Congress' motion for the appointment of an interim Chapter Trustee pursuant to Bankruptcy Code § 303(g).

4. On August 11, 2003, the Plaintiff was appointed the interim trustee and has since duly qualified and is the permanent Trustee in each of the Debtors' cases.

5. On September 8, 2003, Orders for Relief were entered in each of the Debtors' cases.

6. Following the Plaintiff's appointment and qualification as Trustee, a review and investigation of the financial affairs of Debtor Herman Jacobs ("Herman") was performed at the behest of the Trustee to determine if any claims and/or assets existed that might be pursued for the benefit of the creditors of the estate. During that investigation, the Plaintiff learned that by

deed dated January 26, 1989 and recorded on March 2, 1989, Herman became the record owner of the real property located at, and known as, 240 Keap Street, Brooklyn, New York (the "Real Property"). As a result of intervening transactions, as of the Filing Date, Herman held record title to an undivided one-half interest in the Real Property.

**A. The Adversary Proceeding**

7. As a result, by a complaint dated December 21, 2005 (the "Complaint"), the Plaintiff commenced the Adversary Proceeding, under 11 U.S.C. §§ 105, 541, 542 and 363(h), seeking authority from the Court to sell the Real Property, free and clear of the interest of the co-owner, Shifra Goldstein a/k/a Shiya Goldstein, as Trustee of the 240 Keap Street Realty Trust and the 240 Keap Street Realty Trust (collectively, the "Goldstein Defendants").

8. Issue was joined in the Adversary Proceeding by an answer dated April 5, 2006 by the Goldstein Defendants.

**i. The Intervention Motion**

9. Following service of the Complaint upon the Goldstein Defendants, Congregation Khal Chasidei Belz ("Belz") sought and was granted leave to intervene in the Adversary Proceeding (the "Intervention Motion"). In support of its intervention, Belz alleged that it had provided the funds used to purchase and improve the space occupied by it at the Real Property through a building fund established by its congregants and that it paid all of the mortgage and maintenance costs. Belz also claimed Herman took title to the Real Property merely as its nominee. Thereafter, Belz filed an answer dated May 18, 2006 in which it asserted several affirmative defenses.

10. In addition, Belz subsequently sought leave of the Court to assert certain counterclaims, which motion was granted over the Plaintiff's objections. As a result, Belz filed

and served its amended answer (the "Amended Answer") in which it asserted counterclaims against the estate.

11. In its Amended Answer, Belz alleged, *inter alia*, that (a) Herman was not the true title holder to the Real Property but rather held title as nominee; (b) all funds used to purchase, maintain and improve the Real Property was paid using funds provided or raised by Belz; (c) the Real Property was partially used by Belz as a Synagogue; and (d) the Real Property was partitioned.

12. On or about July 24, 2007, the Plaintiff served his reply (the "Reply") to the crossclaims asserted by Belz.

**ii. <u>Discovery</u>**

13. Thereafter, the Plaintiff and Belz, through respective counsel, (the "Parties") engaged in discovery, namely the production of documents as they related to the Real Property.

14. During discovery, the Plaintiff retained an appraiser to obtain an expert appraisal of the estate's interest in the Real Property.

15. The appraiser reported that the Real Property was effectively partitioned between the co-owner's spaces.

**iii. <u>Mediation</u>**

16. The Parties realized that litigating the Adversary Proceeding to its conclusion would lead to either one of two extreme results. Specifically, the Court would be faced with confirming that the estate was the exclusive true legal and equitable owner of Herman's undivided one-half interest in the Real Property such that the estate would be permitted to dispossess Belz and sell the estate's one-half interest in the Real Property, or determining that Belz was the true and equitable owner of subject interest, to the exclusion of the estate.

17. As a result, by stipulation dated August 1, 2008, the Parties stipulated to mediate the Adversary Proceeding (the "Mediation").

18. The Mediation proved successful and resulted in a settlement of the Plaintiff's claims relating to the Real Property and the Parties claims against each other without the necessity of the Parties having to litigate the issued herein and without having to incur additional costs and expenses associated with litigating the Adversary Proceeding to its conclusion.

19. Subsequent to the Mediation, the Parties engaged in protracted discussions in an effort to memorialize and finalize the terms agreed upon at the Mediation. The aforementioned negotiations resulted in a settlement resolving the claims between the Parties, which has been memorialized in a stipulation of settlement (the "Stipulation").

**RELIEF REQUESTED**

20. Based upon these negotiations, the Parties have agreed to resolve the Plaintiff's claims alleged in the Adversary Proceeding by Belz paying the estate the sum of $70,000.00 (the "Settlement Sum") in full and final satisfaction of the claims that were asserted in this Adversary Proceeding. The Settlement Sum has been paid, delivered to the Plaintiff and is being held in escrow pending the Court's approval of the Stipulation. A copy of the Stipulation is annexed as Exhibit "A." The Court and all interested parties are respectfully referred to the Stipulation for its precise terms.

21. In exchange for the Settlement Sum, following the entry of a final order of the Court approving the Stipulation, the Plaintiff shall execute and deliver to Belz a Trustee's Deed (the "Trustee's Deed") by which the Trustee transfers all right interest and title held by Herman in the Real Property as of the Filing Date to Belz, including any interest held by Herman as purported nominee, subject to all liens, claims and encumbrances of whatever kind or nature, and

security interests of whatever kind or nature, with such liens, claims or encumbrances, and security interests, if any, in the amount and priority as they presently exist. A copy of the Trustee's Deed is annexed as Exhibit "B."

22. The Stipulation relieves the Trustee and the estate of any obligations relating to the record of the Trustee's Deed, any other necessary transfer documents and/or to pay any and all fees, costs and taxes that may be required to be paid in connection with the recording of the Trustee's Deed or that may arise as a result of that recording.

23. Upon the entry of a final Order of the Court approving the Stipulation, the Adversary Proceeding shall be discontinued with respect to Belz and the Goldstein Defendants, with prejudice. A copy of the proposed order is annexed as Exhibit "C."

24. This settlement takes into account the Plaintiff's likelihood of success on the merits of his claims and Belz's defenses and counter claims. The Plaintiff believes that the Settlement Sum provides sufficient consideration to the estate, and as a result, the settlement is fair and reasonable and in the best interests of creditors. As such, the Plaintiff is satisfied that the settlement is in the best interests of the estate and exceeds the lowest point in the range of reasonableness.

25. The analysis and conclusion reached by the Plaintiff are based upon (a) documentation and information reviewed by the Plaintiff and his professionals, (b) numerous telephonic conferences between counsel for the Plaintiff and counsel for Belz, (c) the Mediation and (d) the exercise of the Plaintiff's best and reasonable business judgment. After considering all the facts and circumstances, the Plaintiff respectfully submits that the Settlement Sum, in accordance with the Stipulation, is fair and reasonable and should be approved by the Court.

**BASIS FOR THE RELIEF REQUESTED**

26. Bankruptcy Rule 9019(a) which governs the approval of compromises and settlements, provides as follows:

> (a) *Compromise*. On motion by the trustee and after notice and a hearing, the court may approve a compromise of settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

See Bankruptcy Rule 9019(a).

27. As stated in Arrow Air, the "approval of [a] proposed compromise and settlement is a matter of this Court's sound discretion". In re Arrow Air, Inc., 85 B.R. 886 at 891 (S.D. Fl. 1988). In passing upon a proposed settlement, "the bankruptcy court does not substitute its judgment for that of the Trustee [or debtor in possession]". Depo v. Chase Lincoln First Bank (In re Depo), 77 B.R. 381 at 384 (citations omitted). Nor is the bankruptcy court "to decide the numerous questions of law and fact raised by [objectors] but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." Cosoff v. Rodman (In re W.T. Grant Co.), 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983) (quoting Newman v. Stein, 464 F.2d 689, 693 (2d Cir.), cert denied, 409 U.S. 1039 (1972). See In re Holywell Corporation et al., 93 B.R. 291 at 294 (S.D. Fl. 1988)("In order to exercise this discretion properly, the Court must consider all the relevant facts and evaluate whether the compromise suggested falls below the 'lowest point in the range of reasonableness'") (quoting In re Teltronics Services, Inc., 762 F.2d. 185, 189 (2d Cir. 1985). In passing upon the reasonableness of a proposed compromise, the Court "may give weight to the opinions of the

Trustee, the parties and their counsel." In re Bell & Beckwith, 93 B.R. 569 at 574 (Bankr. N.D. Ohio 1997).

28. In light of the costs and uncertainty associated with the prosecution of this Adversary Proceeding to its conclusion and the asserted defenses and counter claims of Belz, the Plaintiff has elected to enter into the annexed Stipulation. Accordingly, and based upon the foregoing, the Plaintiff respectfully requests that the Court authorize and approve the Stipulation as being fair and reasonable and in the best interests of the estate.

29. In considering a proposed settlement, the Court should be guided by a lenient standard, consistent with the theory that "little would be saved by the settlement process if (in order to approve a settlement) bankruptcy courts (were required to conduct)... an exhaustive investigation and determination of the underlying claims" in order to approve a settlement. In re Purofield Down Products Corp., 93 B.R. 569 at 574 (S.D.N.Y. 1993). Additionally, the Court "may give weight to the opinions of the Trustee, the parties and their counsel." See Bell & Beckwith, 93 B.R. 569 at 574.

30. In deciding whether a proposed compromise is fair and equitable, reasonable, and in the best interests of creditors, courts in the Second Circuit follow the analysis first articulated by the Supreme Court in Anderson, as developed and applied by the case law. See Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc., v. Anderson, 390 U.S. 414, 424, 88 S.Ct. 1157, 1163, 20 L.Ed 2d 1 (1968). Thus, courts judge a proposed settlement based upon a consideration of some or all of the following factors:

1. the relative benefits to be received by creditors under the proposed settlement;

2. the likelihood of success in the litigation compared to the present and future benefits offered by the proposed settlement;

3. the prospect of complex and protracted litigation if settlement is not approved;

4. the attendant expense, inconvenience and delay of litigation;

5. the probable difficulties of collecting on any judgment that might be obtained;

6. the competency and experience of counsel who support the proposed settlement;

7. the extent to which the settlement is the product of arm's length bargaining, and not the product of fraud or collusion;

8. the nature and breadth of any releases to be issued as a result of the proposed settlement; and

9. the paramount interest of the creditors and proper deference to their reasonable views.

See City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974); In re Ionosphere Clubs, Inc., 156 B.R. 414, 427 (S.D.N.Y. 1993); Purofield Down Products Corp., 150 B.R. at 522; International Distribution Centers, 103 B.R. at 422; In re Fugazy, 150 B.R. 103, 106 (Bankr. S.D.N.Y. 1993); In re Drexel Burnham Lambert Group et al., 134 B.R. 493, 497 (Bankr. S.D.N.Y. 1991); In re the Drexel Burnham Lambert Group, Inc., 134 B.R. 499, 506 (Bankr. S.D.N.Y. 1991); In re Crowthers McCall Pattern Inc., 120 B.R. 279, 287 (S.D.N.Y. 1990); In re Texaco Inc., 84 B.R. 893, 901 (S.D.N.Y. 1988); In re Lion Capital Group, Inc., 49 B.R. 163, 175 (Bankr. S.D.N.Y. 1985); In the Matter of Carla Leather, Inc., 44 B.R. 457, 466 (S.D.N.Y. 1984); In the Matter of Gary G. Marshall, 33 B.R. 42, 43 (Bankr. D. Conn. 1983); In the Matter of W.T. Grant Co., 4 B.R. 53, 69 (Bankr. S.D.N.Y.) aff'd, 699 F. 2d 599 (2d Cir. 1983), cert. denied sub nom.

31. The Court does not need to determine conclusively the merits of a claim subject to compromise and does not need to find that the settlement constitutes the best results obtainable to ensure that the settlement crosses the threshold of reasonableness. See In re Adelphia Communications Corp., et al., 327 B.R. 143, 159 (S.D.N.Y 2005)(noting that it is not necessary for the court to conduct a "mini trial" of the facts or the merits of the underlying dispute). Instead, the Court should simply "canvas the issues" to determine whether the proposed settlement falls below the lowest point in the range of reasonableness. Id. (citing In re W.T. Grant Co., 699 F.2d 599, 608 (2d Cir. 1983)).

32. The Plaintiff respectfully submits that application of the relevant factors to this case shows that the Settlement Sum falls well above the lowest point in the range of reasonableness and should be approved as fair and equitable. Additionally, the Court should consider the fair and reasonable course of action for the Debtors' estate, with its limited available assets, giving consideration to the interest of creditors and the avoidance of burdening the estate with undue waste or needless or fruitless litigation. In re Del Grosso, 106 B.R. 165, 167-68 (Bankr. N.D. Ill. 1989)(citations omitted). See also, In re Culmtech, Ltd., 118 B.R. 37, 38 (Bankr. N.D. Ohio 1990); Bell & Beckwith, 93 B.R. at 575.

33. In recognition of the disparate potential outcome were this Adversary Proceeding litigated to conclusion if the Settlement is not approved the Trustee has elected to enter into the Stipulation. No further interest would be served by incurring the costs and risks entailed in prosecuting the Adversary Proceeding to its conclusion since Belz has agreed to make a reasonable settlement of the Plaintiff's claims in light of Belz's asserted defenses and counterclaim. Further, a risk exists that the Plaintiff may encounter various costly impediments intrinsic in attempting to liquidate real property that is partitioned and constructed in such a

fashion that precludes full access to the Real Property from all entrances. Therefore, the amount of the Settlement Sum relates favorably to the probability of success on the merits of any litigation. The Plaintiff submits that the resolution of the Plaintiff's claims against all the defendants through settlement is far more expedient and cost effective than litigation. As a result, the Plaintiff believes that the proposed Stipulation is fair and reasonable and in the best interests of the estate.

34. If this matter had to be litigated to conclusion, the estate would incur significant attorneys' fees and costs in connection with discovery, potential dispositive motions, trial preparations, an actual trial and marketing and selling the Real Property. In contrast, the Settlement would allow for the estate's expeditious recovery of funds for the benefit of the estate.

35. Based upon the foregoing, the Plaintiff respectfully requests that the Court authorize and approve the Stipulation.

36. The Plaintiff submits that this Motion cites the relevant statutory authority and rules for the relief requested, and that this Motion complies with Local Bankruptcy Rule 9013-1(a). Therefore, no separate memorandum of law is required in connection with this Application.

37. The Plaintiff has served this Motion, along with the exhibits, by regular mail upon: (a) the Office of United States Trustee; (b) counsel to Belz; (c) counsel to the Goldstein Defendants; (d) all known creditors of the Debtors; (e) counsel to the Debtors; (f) any party in interest that has served a request for special notice or a notice of appearance pursuant to Rule 2002; and (g) applicable taxing authorities.

38. No prior application for the relief sought herein has been made to this or any other Court.

**WHEREFORE,** for the reasons stated above, the Plaintiff respectfully requests that the Court approve the Stipulation, and grant such other, further and different relief as this Court deems just and proper.

Dated: May 24, 2011
Wantagh, New York

**LaMonica Herbst & Maniscalco, LLP**
Attorneys for the Plaintiff

By: *s/ David A. Blansky*
David A. Blansky, Esq.
A Partner of the Firm
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500

*M:\Documents\Company\Cases\Jacobs, Herman\Adv Pro 240 Keap Street\9019\9019 motion re Belz.doc*