# Exhibit "A"

LaMonica, Herbst & Maniscalco LLP
Counsel to Allan B. Mendelsohn, the Chapter 7 Trustee
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
(516) 826-6500
Salvatore LaMonica, Esq.
David A. Blansky, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

In re:

HERMAN JACOBS, VICTOR JACOBS
and JACOB JACOBS,

Debtors.

Chapter 7
Case Nos. 03-84455 (ESS)
(Jointly Administered)

---------------------------------------------------------------------x

ALLAN B. MENDELSOHN as
Chapter 7 Trustee of HERMAN JACOBS,
VICTOR JACOBS, and JACOB JACOBS,

Plaintiff,

-against-

SHIFRA GOLDSTEIN a/k/a SHIYA GOLDSTEIN, AS
TRUSTEE OF THE 240 KEAP STREET REALTY
TRUST AND THE 240 KEAP STREET REALTY TRUST,
and CONGREGATION KHAL CHASIDEI BELZ,

Defendants.

Adv. Pro. No. 05-08954-ESS

---------------------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

**WHEREAS**, on June 30, 2003 (the "Filing Date"), Congress Financial Corporation ("Congress"), LaSalle Business Credit Inc. and Citibank N.A. filed involuntary petitions for relief against the Debtors pursuant to Chapter 7 of the Bankruptcy Code with this Court; and

**WHEREAS**, on August 7, 2003, the Court granted Congress' motion for the appointment of an Interim Chapter 7 Trustee pursuant to Bankruptcy Code § 303(g); and

**WHEREAS**, on August 11, 2003, Allan B. Mendelsohn (the "Trustee") was appointed the Interim Trustee in each of the Debtor's cases; and

**WHEREAS**, on September 8, 2003, Orders for Relief were entered in each of the Debtor's cases; and

**WHEREAS**, the Trustee has since duly qualified and is acting as the permanent Trustee in this proceeding; and

**WHEREAS**, during the Trustee's investigation into the Debtor Herman Jacobs' ("Herman") financial affairs, he learned that by deed dated January 26, 1989 and recorded March 2, 1989, Herman became the record owner of the real property known as, and located at, 240 Keap Street, Brooklyn, New York (the "Real Property"); and

**WHEREAS,** as a result of intervening transactions, on the Filing Date, Herman held record title to an undivided one-half interest in the Real Property; and

**WHEREAS**, by complaint dated December 21, 2005 (the "Complaint"), the Trustee sought authority to sell the Real Property, in which Herman held record title ownership, free and clear of the interest of the co-owner under §§ 541, 542 and 363(h) of the Bankruptcy Code; and

**WHEREAS,** issue was joined by the Goldstein Defendants' interposition of an answer; and

**WHEREAS,** following service of the Complaint on the Goldstein Defendants, Congregation Khal Chasidei Belz ("Belz") sought and was granted leave to intervene (the "Intervention Motion") in this adversary proceeding; and

**WHEREAS,** Belz filed an answer dated May 18, 2006, (the "Answer") in which it asserted several affirmative defenses; and

**WHEREAS**, Belz subsequently sought leave of the Court to assert certain counterclaims, which motion was granted over the Trustee's objection; and

**WHEREAS**, the Court authorized Belz to file and serve an amended answer in which it asserted counterclaims against the estate; and

**WHEREAS,** on or about July 24, 2007, the trustee served his Reply to the cross-claims asserted by Belz; and

**WHEREAS,** thereafter, the parties engaged in document discovery; and

**WHEREAS**, during discovery the Trustee retained an appraiser to obtain an expert appraisal of the estate's interest in the Real Property; and

**WHEREAS,** the parties agree to mediate their dispute; and

**WHEREAS,** on or about August 1, 2008, the parties stipulated to mediate this adversary proceeding; and

**WHEREAS,** the mediation was successful and resulted in a settlement of the estate's claims against Belz and relating to the Real Property without the necessity of the parties having to litigate the issues herein and without having to incur additional costs and expenses associated with litigating these proceedings to conclusion; and

**WHEREAS**, Belz has alleged in its answer and counterclaims that Herman held title to the Real Property as its nominee; and

**WHEREAS**, Belz has alleged that all funds used to purchase, maintain and improve the Real Property were paid using funds raised or provided by Belz; and

**WHEREAS**, as a result of the settlement discussions between the parties, the parties have agreed to the following settlement and resolution of the Trustee's claims.

**NOW, THEREFORE**, it is hereby stipulated and agreed by and between the parties hereto as follows:

1. Belz shall pay to the Trustee the sum of $70,000.00 (the "Settlement Sum") in full and final satisfaction of the claims asserted by the Trustee in Adversary Proceeding No. 05-08954. The Settlement Sum shall be paid to the Trustee simultaneous with the execution of this Stipulation of Settlement.

2. The Settlement Sum shall be made payable to "Allan B. Mendelson, Esq., as Trustee" and delivered to his counsel, LaMonica, Herbst & Maniscalco, LLP, at 3305 Jerusalem Avenue, Wantagh, New York 11793. The Trustee shall hold the Settlement Sum in the estate's account pending Court approval of this Stipulation. In the event the Settlement is not approved by the Court, the Trustee shall promptly return the Settlement Sum to Belz.

3. In exchange, following the entry of a final Order of the Court approving this Stipulation, the Trustee shall execute and deliver to Belz a Trustee's Deed (the "Trustee's Deed") by which the Trustee transfers all right, interest and title held by Herman in the Real Property as of the Filing Date to Belz, including any interest held by Herman as nominee, substantially in the form of Trustee's Deed annexed hereto. Neither the Trustee nor the Debtor's estate shall have the responsibility to record the Trustee's Deed, record any other necessary transfer documents and/or to pay any and all fees, costs and taxes that may be required to be paid in connection with the recording of the Trustee's Deed or that may arise as a result of that recording.

4. Following the signing of the Stipulation by the parties and the receipt and clearance of the Settlement Sum in the Trustee's account, the Trustee shall seek Court approval of the settlement on notice to all creditors of this estate, all parties having filed a notice of appearance and all other interested parties.

5. Upon the receipt and clearance of the entire Settlement Sum and the entry of a final

Order of the Court approving this Stipulation, the Trustee shall deliver a Stipulation of Discontinuance, with prejudice, to Belz and Belz shall be responsible for filing it with the Court.

6. Upon the receipt and clearance of the Settlement Sum and the entry of a final Order of the Court approving this Stipulation, (a) Belz waives and releases any and all claims in and to the Settlement Sum and any claims it may have against the estate and the Trustee of whatever kind or nature, whether claimed or unclaimed, filed or unfiled, liquidated or unliquidated including, but not limited to, those relating to and arising from the Real Property or under Adversary Proceeding No. 05-08954 and (b) the Trustee waives and releases any and all claims he may have against Belz and relating to the Real Property of whatever kind or nature, whether claimed or unclaimed, filed or unfiled, liquidated or unliquidated including, but not limited to, those relating to and arising from the Real Property or under Adversary Proceeding No. 05-08954.

7. The Trustee shall be authorized to do such things, execute such documents and expend such funds as may be reasonably necessary to effectuate the terms and conditions of this Stipulation. The parties agree to execute whatever documents that are reasonably necessary to effectuate this Stipulation and any enforcement of its terms.

8. This Stipulation contains the entire understanding of the parties hereto and supercedes all prior understandings and agreements, whether written or oral, between the parties.

9. This Stipulation may not be altered modified or changed unless in writing and signed by all the parties hereto.

10. Except as otherwise provided herein, in the event the Court fails to authorize and approve the Stipulation in its entirety, the Stipulation shall become null and void and of no further force and effect and nothing contained herein shall be deemed an admission by any of the parties hereto, shall not be used in any litigation and is without prejudice to any all remedies of the parties hereto.

11. This Stipulation may be signed in multiple counterparts and by facsimile transmission if necessary, each of which, when taken together, shall constitute one original document.

12. By signing this Stipulation, each of the parties hereto acknowledge that it has read all of the terms of the Stipulation and enters into those terms voluntarily and without duress and it has the authority to bind itself to this agreement.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

13. This Stipulation shall be deemed to have been jointly drafted by the parties in construing and interpreting this Stipulation. No provision shall be construed and interpreted for or against any of the parties because such provision, or any other provision of this Stipulation, or the Stipulation as a whole, was recorded, prepared, or requested by such party.

Dated: Wantagh, New York
April 5, 2011

**LaMonica Herbst & Maniscalco, LLP**
Attorneys for Allan B. Mendelsohn, Esq.
the Chapter 7 Trustee

By: *s/ David A. Blansky*
David A. Blansky, Esq.
A Partner of the Firm
3305 Jerusalem Avenue
Wantagh, New York 11793
(516) 826-6500

Dated: New York, New York
April 5, 2011

**Leo Fox, Esq.**
Attorney for Defendant
Congregation Khal Chasidei Belz

By: *s/ Leo Fox*
Leo Fox, Esq.
630 Third Ave, 18th Floor
New York, New York 10017
(212) 867-9595

Dated: Brooklyn, New York
April 5, 2011

**Congregation Khal Chasidei Belz**

By: *s/* ______________________
________________, President

Dated: Huntington, New York
April 5, 2011

By: *s/ Allan B. Mendelsohn*
Allan B. Mendelsohn, Esq.
as Chapter 7Trustee

*M:\Documents\Company\Cases\Jacobs, Herman\Adv Pro 240 Keap Street\9019\Stip of Settlement.March 4, 2011.wpd*